Alan A. Graves, SBN 243076
Namrta D. Shah, SBN 326016
NEIL, DYMOTT, FRANK,
MCCABE & HUDSON
A Professional Law Corporation
110 West A Street, Suite 1200
San Diego, CA 92101-3711
**P** 619.238.1712
**F** 619.238.1562

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## DISTRICT COURT OF THE UNITED STATES

## FOR THE STATE OF CALIFORNIA

## CENTRAL DISTRICT, EASTERN DIVISION

| | |
|---|---|
| KATHRYN JOHNSON, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation; and DOES 1 through 20 inclusive,<br><br>        Defendants. | CASE NO.<br><br>Superior Court Case No.:  CVRI2200636<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REQUEST FOR REMOVAL**<br><br>Dept:<br>Judge:    Honorable<br>Filed:     02/15/2022<br>Trial Date:   TBD |

**TO:   THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICE OF CALIFORNIA**

Pursuant to 28 U.S.C. §§1332, 1441 AND 1446, Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") removes this action to this Court from the Superior Court of California, County of Riverside, Riverside District – Civil.   In support of this Notice of Removal, COSTCO respectfully states:

**STATE COURT ACTION**

1.     Plaintiff KATHRYN JOHNSON ("Plaintiff") commenced this action on or about February 15, 2022, in the Superior Court of California, County of Riverside, Riverside District – Civil, filing the Summons and Complaint where it was assigned

1

Case No. CIVRI2200636.  *See* Cal. Code Civ. P. 411.10.  A copy of the Summons and Complaint are attached hereto as Exhibit "A".

2.     Defendant COSTCO was served with the Summons and Complaint on February 18, 2022.  (Declaration of Alan B. Graves in Support of COSTCO'S Notice of Removal ("Graves Decl." .") ¶ 3.)

3.     Plaintiff subsequently filed an Amendment to the Complaint on  April 1, 2022, correcting the name of defendant.  A copy of the Amendment to the Complaint is attached hereto as Exhibit "B".

4.     Defendant COSTCO filed an Answer to the Complaint for Damages on April 15, 2022.  A copy of the Answer is attached hereto as Exhibit "C".  Defendant also sent plaintiff a Request for Statement of Damages.  A Copy of the Request for Damages is attached hereto as Exhibit "D".  No further proceedings in this matter have been held in Superior Court.

5.     Plaintiff's Complaint alleges causes of action for Negligence and Premises Liability. (Complaint.)  The Complaint did not specify a specific amount of damages. Plaintiff provided a Statement of Damages sent to Defendant on April 19, 2022.  A Copy of the Statement of Damages is attached hereto as Exhibit "E". ("Graves Decl. ¶ 7.)

6.     The Statement of Damages provides plaintiff is seeking special damages of $160,512.00 and general damages of $202,036.00 (Statement of Damages.)

**GROUNDS FOR REMOVAL: DIVERSITY OF CITIZENSHIP**

7.     This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000.  Finally, this Notice is timely filed, and all other procedural requirements are met.

/ / /

/ / /

2

**Complete Diversity of Citizenship**

8.    Plaintiff Kathryn Johnson is a resident of California.  Upon information and belief, she is a citizen of California.  On her Complaint she provides she is a resident of the city of Lake Elsinore, County of Riverside, State of California. (Graves Decl. ¶ 6.)

9.    COSTCO is, and at all times relevant was, a Washington corporation with its principal place of business in Washington. (Graves Decl. ¶¶ 2 and 5.)  COSTCO is thus a citizen of Washington. *See* 28 U.S.C. § 1332(c)(l).

10.    Because Plaintiff is a citizen of a different state than Defendant, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Amount in Controversy**

11.    The Court should conclude based on a preponderance of the evidence that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.  A removing defendant may make the requisite showing that Section 1332's jurisdictional threshold of $75,000 is satisfied by either (1) demonstrating that it is facially apparent from the complaint that the claims likely exceed $75,000 or (2) setting forth facts in the notice of removal that support a finding of the requisite amount under a preponderance of evidence standard. *See Guglielmina v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 16 2007).  By the statements contained in this Notice of Removal, COSTCO does not concede that Plaintiff is entitled to any damages.

12.    Here, Plaintiff has alleged in her Statement of Damages "special damages of $160,512.00 and general damages of $202,036.00" (Statement of Damages.)  Thus, it is facially apparent from the Statement of Damages that Plaintiff has alleged damages which greatly exceeds the amount in controversy threshold of $75,000.  This Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

/ / /

/ / /

3

DEFENDANT'S REQUEST FOR REMOVAL          CASE NO.

1

**ACTION REMOVABLE**

2          13.    This action is removable to this Court under 28 U.S.C. § 1441 because this

3   Court would have had original jurisdiction over Plaintiff's claims had Plaintiff filed the

4   action initially in federal court.  This Court is the district court of the United States for

5   the district and division "embracing the place where [the state court] action is pending,"

6   and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

7          14.    This Notice is filed with the Court within thirty (30) days after receipt by

8   COSTCO of the Statement in Damages, in accordance with 28 U.S.C. § 1446(b).

9   **PLEADINGS FILED**

10         15.    Copies of all process and pleadings filed in this case and found in the files

11  of the Superior Court of the State of California for San Bernardino County are attached

12  hereto and consist of the Summons and Complaint, Amendment to the Complaint,

13  Answer to Complaint.

14

15  Dated: May 16, 2022          NEIL, DYMOTT, FRANK, MCCABE & HUDSON,
                                 A Professional Law Corporation

16

17                              By:      /s/Alan B. Graves
18                                    Alan B. Graves
                                      Namrta D. Shah
19                                    Attorneys for Defendant COSTCO
                                      WHOLESALE CORPORATION
20

21

22

23

24

25

26

27

28

4

DEFENDANT'S REQUEST FOR REMOVAL          CASE NO.

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 02/15/2022 02:01 PM
Case Number CVRI2200636 0000012003378 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Alyssa Polit, Clerk

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE MEMBERSHIP, INC., a California
corporation, et al.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATHRYN JOHNSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandado. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Historic Courthouse

CASE NUMBER:
*(Número del Caso):*
CVRI2200636

4050 Main Street,
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jennifer C. Jones, Jones Legal, Inc., 3637 Arlington Avenue, Suite D Riverside, CA 92506, 951-742-7213

DATE:
*(Fecha)* 02/15/2022

Clerk, by
*(Secretario)* _____, Deputy
*(Adjunto)*

A.Polit

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

[SEAL]

3. [✓] on behalf of *(specify):* Costco Wholesale Membership Inc. a California Corporation

   under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 02/15/2022 02:01 PM
Case Number CVRI2200636 0000012003375 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Alyssa Polit, Clerk

Jennifer C. Jones (State Bar No. 240564)
**JONES LEGAL, Inc.**
3637 Arlington Avenue, Suite D
Riverside, California 92506
TEL (951) 742-7213
FAX (951) 742-7293
E-mail: Jennifer@JonesLegalTeam.com

Attorney for Plaintiff **KATHRYN JOHNSON**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE – HISTORIC COURTHOUSE

| | |
|---|---|
| KATHRYN JOHNSON, an individual, | Case No.: CVRI2200636 |
| Plaintiff, | {Unlimited} |
| v. | **COMPLAINT FOR DAMAGES** |
| COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation; and DOES 1 through 20, inclusive, | (1) **PREMISES LIABILITY;** (2) **NEGLIGENCE;** (3) **NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION** |
| Defendants. | **[DEMAND FOR JURY TRIAL]** |

Plaintiff KATHRYN JOHNSON complains of Defendant COSTCO WHOLESALE MEMBERSHIP, INC., and DOES 1 through 20 (collectively, "DEFENDANTS") as follows:

### GENERAL ALLEGATIONS

1.     Plaintiff KATHRYN JOHNSON ("JOHNSON" or "Plaintiff JOHNSON") is a resident of the City of Lake Elsinore, County of Riverside, State of California.

2.     Plaintiff JOHNSON is informed and believes and thereon alleges that DEFENDANTS are, and at all times herein mentioned was and is a California Corporation licensed and incorporated in the State of California, and doing business within the City of Lake Elsinore, County of Riverside, State of California.

- 1 -
COMPLAINT FOR DAMAGES

3.     DEFENDANT has a COSTCO WHOLESALE MEMBERSHIP, INC., store located in the City of Lake Elsinore, County of Riverside, State of California.

4.     The true names, residences, and capacities, whether individual, corporate, associate, or otherwise of the defendants named herein as DOES 1 through 20, inclusive, are presently unknown to Plaintiff JOHNSON who therefore sues said defendants by such fictitious names. Plaintiff JOHNSON is informed and believes and thereon alleges that each such DOE Defendant is in some manner responsible for the damages sustained by Plaintiff JOHNSON as hereinafter set forth and as soon as Plaintiff JOHNSON has ascertained the facts linking these Defendants to the causes of action and fact situations set forth in this complaint, Plaintiff JOHNSON will amend this pleading to show such true names, capacities, and manner of responsibility.

5.     Plaintiff JOHNSON is informed and believes and thereon alleges that at all times relevant to this action, each defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venture, lender or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants in doing the things alleged herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6.     Plaintiff JOHNSON refers to and incorporates the allegations of paragraphs 1 through 5 inclusive, as though set forth in full.

7.     This Complaint arises from events occurring on June 17, 2021, when Plaintiff JOHNSON was injured while shopping at COSTCO WHOLESALE MEMBERSHIP STORE, Lake Elsinore, in Riverside County, California.

8.     Plaintiff JOHNSON was shopping as a guest at COSTCO WHOLESALE MEMBERSHIP STORE, Lake Elsinore when she slipped and fell from chicken grease, from a rotisserie chicken, that was left on the floor for a substantially long time.

9.     Plaintiff JOHNSON ascertained that it was liquid from a rotisserie chicken due to the smell and location where she came in contact with the liquid, and she ascertained that the liquid

- 2 -

had negligently been left on the floor for a long time due to the temperature of it when she fell in it due to DEFENDANT'S negligence.

10. As a result of DEFENDANT'S negligence, my client sustained pain in the neck, right leg and thigh, elbows, lower back, hands, and wrist.

11. Due to DEFENDANT'S negligence that caused my client to have this accident, my client was in deep shock, disoriented and scared. Immediately following the incident, my client sought medical attention at Loma Linda Medical Center in Murrieta

## FIRST CAUSE OF ACTION
## PREMISES LIABILITY

(Against DEFENDANTS and DOES 1 through 20)

12. Plaintiff JOHNSON refers to and incorporates the allegations of paragraphs 1 through 11 inclusive, as though set forth in full.

13. DEFENDANT owed Plaintiff JOHNSON a duty of care in the manner in which it maintained its store for hazardous conditions.

14. The lack of cleanliness and allowing liquid to lie stagnant in a heavily populated area in DEFENDANT'S store caused a hazardous condition.

15. DEFENDANT breached that duty by negligently monitoring the store for hazardous conditions, and NOT notifying Plaintiff JOHNSON and other invitees about the existence of the hazardous condition and taking reasonable steps to abate the hazardous conditions.

16. As a direct and proximate result of the DEFENDANTS' conduct, Plaintiff JOHNSON sustained injuries to her neck, right leg and thigh, elbows, lower back, hands, and wrist. In addition to her physical injuries, because of the accident, JOHNSON was in deep shock, disoriented, scared and traumatized.

17. The injuries resulting from the DEFENDANTS' negligence were so severe that Plaintiff JOHNSON, immediately following the incident of June 17, 2021, sought medical attention at Lima Linda Medical Center in Murietta, California.

18. Plaintiff JOHNSON continues to require medical treatment due to DEFENDANT'S negligence in making sure its premises was safe for its visitors.

- 3 -

19.     Plaintiff JOHNSON will require future medical treatment as a result of her injuries due to DEFENDANT'S negligence.

20.     All of the injuries caused by DEFENDANTS have caused and continue to cause Plaintiff JOHNSON mental anguish, and pain and suffering.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

(Against DEFENDANTS and DOES 1 through 20)

21.     Plaintiff JOHNSON refers to and incorporates the allegations of paragraphs 1 through 20 inclusive, as though set forth in full.

22.     DEFENDANTS were negligent in the maintenance of its store.

23.     DEFENDANTS were negligent in not cleaning up the hazardous liquid on the floor in a timely manner as to not cause an accident to its patrons.

24.     DEFENDANTS knew, or through the exercise or reasonable care, should have known, that there was liquid on the floor as it is a very common hazard in any store.  Further, the area is heavily populated with visitors and staff alike.

25.     DEFENDANTS failed to protect against harm from the improper cleaning up of hazardous liquids from the floor.

26.     As a direct and proximate result of the DEFENDANTS' conduct, Plaintiff suffered injuries.  As a result of your client's negligence, Plaintiff JOHNSON sustained serious pain in her neck, right leg, thigh, elbows, lower back, hands, and wrist.

23.     Because of the accident, my client was in deep shock, disoriented and scared. Immediately following the incident, my client sought medical attention at Loma Linda Medical Center in Murrieta.

## THIRD CAUSE OF ACTION

## NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

(Against DEFENDANT and DOES 1 through 20)

24.     Plaintiff JOHNSON refers to and incorporates the allegations of paragraphs 1 through 23 inclusive, as though set forth in full.

- 4 -

25.   Plaintiff JOHNSON is informed and believes and thereon alleges that DEFENDANTS authorized, ratified, and approved the conduct of its employees.

26.   Plaintiff JOHNSON is informed and believes and thereon alleges that DEFENDANTS knew, or in the exercise of reasonable diligence should have known of the dangerous hazards that come with having a rotisserie chicken warming incubator, and that the operation of such would require their employees to be aware, monitor and clean the area frequently; however, DEFENDANTS' employees were incompetent, unqualified and unfit to perform the duties for which they were employed, and that an undue risk to persons such as Plaintiff JOHNSON would exist because of employees' lack of training and supervision.

27.   Plaintiff JOHNSON is further informed, believes, and thereupon alleges that DEFENDANTS knew, or in the exercise of reasonable diligence should have known that its employee lacked proper training and skill to properly carry out the duties of cleaning up the floor of the store before someone had a horrible accident.

27.   The failure of DEFENDANTS to adequately hire, train and supervise its employee was a proximate cause of Plaintiff JOHNSON'S injury because Plaintiff JOHNSON would not have needed medical attention due to a slip and serious fall on chicken grease, on the floor, of a very popular corporate membership store.

28.   DEFENDANT'S negligent hiring, training and supervision of its employees was a substantial factor in causing Plaintiff JOHNSON'S injury.

29.   As a direct and proximate result of the DEFENDANTS' conduct, Plaintiff JOHNSON sustained injuries to her neck, right leg and thigh, elbows, lower back, hands, and wrist. Because of the accident, my client was in deep shock, disoriented, scared and traumatized. Immediately following the incident, my client sought medical attention at Loma Linda Medical Center in Murrieta.

30.   All of the injuries caused by DEFENDANTS have caused and continue to cause Plaintiff JOHNSON mental anguish, and pain and suffering.

//

//

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against Defendants as follows:

1.  For past and future non-economic damages in the amount to be proven at trial;

2.  For past and future economic damages in the amount to be proven at trial; and

3.  For such other and further relief as the Court may deem just and proper.


Dated: February 15, 2022

                                        JONES LEGAL, Inc.


                                        By: _____
                                        Jennifer C. Jones, Esq.
                                        Attorney for Plaintiff, KATHRYN
                                        JOHNSON

- 6 -
COMPLAINT FOR DAMAGES

# EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey Street, Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ HEMET 880 N. State St., Hemet, CA 92543

☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ MURRIETA 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 Tahquitz Canyon Way, Palm Springs, Ca 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501

RI-CI030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Jennifer C. Jones (SBN: 240564) <br> Jones Legal, Inc. <br> 3637 Arlington Avenue, Suite D <br> Riverside, CA 92506 <br> TELEPHONE NO. (951) 742-7213   FAX NO. (Optional) (951) 742-7293 <br> E-MAIL ADDRESS (optional) Jennifer@JonesLegalTeam.com <br> ATTORNEY FOR (Name) Kathryn Johnson | |

PLAINTIFF/PETITIONER: Kathryn Johnson

DEFENDANT/RESPONDENT: Costco Wholesale Corporation, et al.

| | CASE NUMBER: <br> CVRI2200636 |
|---|---|
| **Hearing Date:** 08/16/2022 | **Time:** 8:30 a.m.    **Department:** 1 |

| AMENDMENT TO | ☒ COMPLAINT | ☐ CROSS COMPLAINT |
|---|---|---|
| | (INCORRECT NAME) | |

### INCORRECT NAME

Plaintiff(s) * having designated a defendant in the complaint * by the incorrect name of ____ Costco Wholesale

____ Membership, Inc. ____ and having discovered the true name of the said defendant to be

____ Costco Wholesale Corporation ____ hereby amends the complaint by inserting such

true name in place and stead of such incorrect name wherever it appears in said complaint.


I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

03/29/22
_____
(DATE)

Jennifer C. Jones                                        _____
(TYPE OR PRINT NAME OF   ☒ ATTORNEY   ☐ PARTY MAKING DECLARATION)            (SIGNATURE)

### ORDER

Proper cause appearing, plaintiff(s) * allowed to file the above amendment to the complaint.*

_____                                _____
(DATE)                                                    (JUDGE OF THE SUPERIOR COURT)

*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

Page 1 of 1

Approved for Optional Use
Riverside Superior Court
RI-CI030 [Rev 01/01/16]
(Reformatted 01/07/19)

**AMENDMENT TO COMPLAINT/CROSS COMPLAINT**
**(INCORRECT NAME)**

riverside.courts.ca.gov/localfilms/loclfrms.shtml

**PROOF OF SERVICE**
*JOHNSON v. COSTCO WHOLESALE CORPORATION, et al.*
Riverside County Superior Court Case No. CVRI2200636

**STATE OF CALIFORNIA,**
**COUNTY OF RIVERSIDE**

I am employed in the county of aforesaid. I am over the age of eighteen years and not a party to the within action. My business address is: JONES LEGAL, Inc., 3637 Arlington Ave., Suite D, Riverside, CA 92506.

On **April 1, 2022,** I served the foregoing document described as:

**AMENDMENT TO COMPLAINT (INCORRECT NAME)**

[ ] By Mail:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Riverside, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing this affidavit.

On the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United State mail addressed as follows:

[x] By Electronic Transmission Only:
By emailing the document(s) to the persons at the email address(es). Due to the Coronavirus (Covid-19) pandemic, this office will be working remotely, is not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.
**See Attached Service List.**

[ ] By Overnight Delivery:
I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[x] **State:**
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and was executed on **April 1, 2022,** at Riverside, California.

_____
Ameli Cobarrubia

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
*Johnson v. Costco Wholesale Corporation, et al.*
Riverside County Superior Court Case No. CVRI2200636

Alan Graves
NEIL, DYMOTT, FRANK, MCCABE & HUDSON APLC
110 West A Street, Suite 1200
San Diego, CA 92101
T: (619) 238-1712
F: (619) 238-1562
Email: agraves@neildymott.com

Francine Iriarte
Email: firiarte@neildymott.com

Namrta Shah
Email: nshah@neildymott.com

*Attorney for Defendant,*
COSTCO WHOLESALE
CORPORATION

2
PROOF OF SERVICE

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Riverside on 04/15/2022 10:47 AM
Case Number CVRI2200636 0000018186392 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Alyssa Polit, Clerk

1   Alan A. Graves, SBN 243076
    Namrta D. Shah, SBN 326016
2   NEIL, DYMOTT, FRANK,
    MCCABE & HUDSON
3   A Professional Law Corporation
    110 West A Street, Suite 1200
4   San Diego, CA 92101-3711
    **P** 619.238.1712
5   **F** 619.238.1562

6   Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION
7

8                    **SUPERIOR COURT OF CALIFORNIA**

9            **COUNTY OF RIVERSIDE, HISTORIC COURTHOUSE**

10  KATHRYN JOHNSON, an individual,      )   CASE NO. CVRI2200636
                                         )
11         Plaintiff,                    )
                                         )   **DEFENDANT COSTCO WHOLESALE**
12  vs.                                  )   **CORPORATION'S ANSWER TO**
                                         )   **PLAINTIFF'S COMPLAINT**
13                                       )
    COSTCO WHOLESALE MEMBERSHIP,         )        [IMAGED]
14  INC., a California corporation; and DOES 1 )
    through 20 inclusive,                )   Dept:       1
15                                       )   Judge:      Honorable Craig Riemer
           Defendants.                   )   Filed:      02/15/2022
16  _____)   Trial Date: TBD

17         COME NOW, Defendant, COSTCO WHOLESALE CORPORATION, and answers the

18  complaint on file herein as follows:

19                                   **I.**

20                          **GENERAL DENIAL**

21         Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, this

22  answering defendant denies generally and specifically each, every and all of the allegations in said

23  complaint, and the whole thereof, including each and every purported cause of action contained

24  therein. This answering defendant further denies that plaintiff has or will sustain damages in the

25  amount alleged or in any amount whatsoever.

26  ///

27  ///

28  ///

                                         1
    DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## II.

### AFFIRMATIVE DEFENSES

**AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

That at all times and places set forth in the complaint, plaintiff failed to exercise ordinary care on her own behalf, which negligence and carelessness was a substantial factor of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiff's recovery therefore against this answering defendant should be barred or reduced according to principles of comparative negligence.

**AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

At all times and places set forth in the complaint, parties' defendant, other than this answering defendant, failed to exercise ordinary care on their own behalf, which negligence and carelessness was a substantial factor of some portion, up to and including the whole thereof, of the injuries and damages complained of by plaintiffs in this action. The fault, if any, of this answering defendant should be compared with the fault of the other defendants and damages, if any, should be apportioned among the defendants in direct relation to each defendant's comparative fault. This answering defendant should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require this answering defendant to pay any more than its percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

**AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

This answering defendant denies that it was negligent in any fashion with respect to the damages, losses, injuries, and debts claimed by the plaintiff in her complaint on file herein. However, if this answering defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then this answering defendant provisionally alleges that its negligence is not the sole and substantial factor of the resultant damages, losses and injuries

2

1   alleged by plaintiff and that the damages awarded to plaintiff, if any, are to be apportioned according

2   to the respective fault of the parties, persons, and entities, or their agents, servants, and employees who

3   contributed to and/or caused said resultant damages as alleged, according to proof presented at the

4   time of trial. That to assess any greater percentage of fault and damages against this answering

5   defendant in excess of its percentage of fault would be a denial of equal protection and due process

6   which are guaranteed by the constitutions of the State of California and the United States, respectively.

7
8   **AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

9        That this answering defendant denies any wrongdoing, negligence, carelessness, fault or

10  liability on its part. However, should it be determined that this answering defendant is liable, then this

11  answering defendant further alleges that plaintiff also contributed to her own alleged injuries, losses

12  and damages, and by virtue thereof, this answering defendant asks that any judgment entered against

13  it be proportionately reduced to the extent that plaintiff's negligence legally contributed to the

14  happening of the subject incident and to any injuries, losses or damages sustained by plaintiff, if any

15  there were. That to assess any greater percentage of fault and damages against this answering

16  defendant in excess of its percentage of fault would be a denial of equal protection and due process

17  which are guaranteed by the constitutions of the State of California and the United States, respectively.

18
19  **AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

20        That any injuries or damages which may have been sustained by plaintiff were the legal result

21  of the negligence of third parties. For this reason, if plaintiff has been damaged, aside from any

22  reduction of damages attributable to her own negligence, the damages must be apportioned among the

23  parties to this action in proportion to their respective degrees of fault.

24
25  **AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

26        This answering defendant is not legally responsible for the acts and/or omissions of those

27  defendants named herein as DOES 1 through 20.

28  / / /

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGE AS FOLLOWS:**

The complaint and every purported cause of action therein fails to set forth facts sufficient to state a cause of action.

**AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

That as against this answering defendant, plaintiff's actions are barred by the applicable statutes of limitation.

**AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

That the perils or dangers, if any, existing at the time of plaintiff's alleged injuries, if any, were open and obvious and known to plaintiff who nevertheless conducted himself in such a manner so as to expose himself to said perils and dangers, if any, and by so doing, assumed all the risks attendant thereto.

**AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

The plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, plaintiff may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably have been made. Therefore, plaintiff's recovery, if any, should be reduced by the failure of the plaintiff to mitigate her damages.

**AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

That at no time or place set forth in the complaint, did any other defendant operate as the agent of this answering defendant.

/ / /

/ / /

/ / /

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1
2

**AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

3  By virtue of plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct,

4  plaintiff should be barred from recovering against this answering defendant by the equitable doctrine

5  of unclean hands.

6
7

**AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

8  Any recovery by plaintiff against this answering defendant is barred by *Privette v. Superior*

9  *Court* (1993) 5 Cal.4th 689, and its progeny.

10
11

**AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

12  Any alleged defect of the premises was open and obvious to plaintiff.

13
14

**AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

15  Any alleged defect of the premises was trivial as a matter of law.

16
17

**AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

18  The plaintiff has engaged in conduct with respect to the activities and/or property which are

19  the subject of the complaint, and by reason of said activities and conduct, is estopped from asserting

20  any claim for damages or seeking any other relief against this answering defendant.

21
22

**AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED
AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:**

23  The injuries and damages of which the plaintiff complains were legally caused or contributed

24  to by the acts of other defendants, persons and/or other entities. Said acts were an intervening,

25  supervening and superseding cause of the injuries and damages, if any, of which the plaintiff

26  complains, thus barring plaintiff from any recovery against this answering defendant.

27  / / /

28  / / /

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1
2
### AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT IS INFORMED AND BELIEVES AND THEREON ALLEGES AS FOLLOWS:

3   This answering defendant presently has insufficient knowledge or information upon which to

4   form a belief as to whether it may have additional, as yet unknown, affirmative defenses. This

5   answering defendant reserves the right to assert additional affirmative defenses in the event discovery

6   indicates it would be appropriate.

7   WHEREFORE, this answering defendant prays that plaintiff take nothing by way of her

8   complaint on file herein, that judgment be entered in the within action in favor of this answering

9   defendant and against the plaintiff upon the issues of the complaint, together with an award to this

10  defendant of attorneys' fees and costs of suit herein incurred, and such other and further relief as the

11  Court deems just.

12

13  Dated:  April 15, 2022                    NEIL, DYMOTT, FRANK, MCCABE & HUDSON
                                            A Professional Law Corporation
14

15                                          By:      /s/Namrta D. Shah
16                                                  Alan B. Graves
                                                   Namrta D. Shah
17                                                 Attorneys for Defendant COSTCO
                                                   WHOLESALE CORPORATION
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1    KATHRYN JOHNSON v. COSTCO WHOLESALE CORPORATION
  Riverside Superior Court – Case No. CVRI220636

2

3                            **PROOF OF SERVICE**
                    [Code Civ. Proc., §§ 1013A and 2015.5]

4        I, the undersigned, am employed in the county of San Diego, state of California.  I am over the

5  age of 18 and not a party to the within action; my business address is 110 West A Street, Suite 1200,

6  San Diego, California, 92101 and my Email address is mmckee@neildymott.com.

7        On **April 15, 2022**, I caused to be served the document(s) described as follows:

8       •  **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO
        PLAINTIFF'S COMPLAINT; and**

9       •  **DEFENDANT COSTCO WHOLESALE CORPORATION'S DEMAND FOR
        STATEMENT OF DAMAGES**

10

11  on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

  **ATTORNEYS FOR PLAINTIFF**

12  **KATHRYN JOHNSON**

13  Jennifer C. Jones, (SBN 325472)

14  3637 Arlington Avenue, Suite D
  Riverside, CA  92506

15  **T:** 951.742.7213 / **F:** 951.742.7293
  Email: jennifer@joneslegalteam.com

16

17  ☐   **BY ELECTRONIC TRANSMISSION -** As follows: I personally sent to the noted
      addressee's email addresses true and correct copies of the above-described documents.

18

19  ☒   **BY MAIL - As follows:** Complying with Code of Civil Procedure §1013(a) and (b) and 1013a
      (3), I placed a true copy of each document in a sealed envelope. I am "readily familiar" with

20        the firm's practice of collection and processing correspondence for mailing. Under that practice
      it would be deposited with the U.S. Postal Service on that same day with postage thereon fully

21        prepaid at San Diego, California in the ordinary course of business. The envelope was sealed
      and placed for collection and mailing on this date following our ordinary practices.  I am aware

22        that on motion of the party served, service is presumed invalid if postal cancellation date or
      postage meter date is more than one day after date of deposit for mailing in affidavit.

23

24        I declare under penalty of perjury under the laws of the state of California, that the above is

25  true and correct.  Executed on **April 15, 2022**, at San Diego, California.

26                                    */s/ Mona McKee*
                             MONA MCKEE

27

28

                                  1

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Riverside on 04/15/2022 10:47 AM
Case Number CVRI2200636 0000018186393 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Alyssa Polit, Clerk

Alan A. Graves, SBN 243076
Namrta D. Shah, SBN 326016
NEIL, DYMOTT, FRANK,
MCCABE & HUDSON
A Professional Law Corporation
110 West A Street, Suite 1200
San Diego, CA 92101-3711
**P** 619.238.1712
**F** 619.238.1562

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE, HISTORIC COURTHOUSE

| KATHRYN JOHNSON, an individual, | ) | CASE NO. CVRI2200636 |
|---|---|---|
| Plaintiff, | ) ) ) | **DEFENDANT COSTCO WHOLESALE** |
| vs. | ) ) ) | **CORPORATION'S DEMAND FOR STATEMENT OF DAMAGES** |
| COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation; and DOES 1 through 20 inclusive, | ) ) ) ) | [IMAGED] |
| Defendants. | ) ) ) | Dept:    1 Judge:   Honorable Craig Riemer Filed:   02/15/2022 Trial Date: TBD |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendant, COSTCO WHOLESALE CORPORATION, pursuant to Code of Civil Procedure

section 425.11, hereby requests that Plaintiff provide a complete statement setting forth the nature and

amount of damages being sought in the above-entitled action within fifteen (15) days of the service of

this Request.

Dated:  April 15, 2022                    NEIL, DYMOTT, FRANK, MCCABE & HUDSON
                                          A Professional Law Corporation


                            By:      _/s/Namrta D. Shah_
                                          Alan B. Graves
                                          Namrta D. Shah
                                          Attorneys for Defendant COSTCO
                                          WHOLESALE CORPORATION

1

DEFENDANT COSTCO WHOLESALE CORPORATION'S DEMAND FOR STATEMENT OF DAMAGES

# EXHIBIT E

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Jennifer C. Jones (SBN: 240564)<br>Jones Legal, Inc.<br>3637 Arlington Avenue, Suite D<br>Riverside, CA 92506<br>ATTORNEY FOR *(name)*:  Kathryn Johnson | TELEPHONE NO.:<br>**(951) 742-7213** |

TELEPHONE NO.: FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: Kathryn Johnson
DEFENDANT: Costco Wholesale Corporation, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CVRI2200636 |
|---|---|

To *(name of one defendant only)*: Costco Wholesale Corporation
Plaintiff *(name of one plaintiff only)*: Kathryn Johnson
seeks damages in the above-entitled action, as follows:

|  | | | AMOUNT |
|---|---|---|---|
| **1. General damages** | | | |
| a. | ☑ | Pain, suffering, and inconvenience ............................................................ | $ 206,036.00 |
| b. | ☐ | Emotional distress. ..................................................................................... | $ |
| c. | ☐ | Loss of consortium ...................................................................................... | $ |
| d. | ☐ | Loss of society and companionship *(wrongful death actions only)* ............. | $ |
| e. | ☐ | Other *(specify)* | $ |
| f. | ☐ | Other *(specify)* | $ |
| g. | ☐ | Continued on Attachment 1.g. | |
| **2. Special damages** | | | |
| a. | ☑ | Medical expenses *(to date)* ....................................................................... | $ 28,912.00 |
| b. | ☑ | Future medical expenses *(present value)* .................................................. | $ 73,100.00 |
| c. | ☑ | Loss of earnings *(to date)* .......................................................................... | $ 58,500.00 |
| d. | ☐ | Loss of future earning capacity *(present value)* ........................................ | $ |
| e. | ☐ | Property damage .......................................................................................... | $ |
| f. | ☐ | Funeral expenses *(wrongful death actions only)* ....................................... | $ |
| g. | ☐ | Future contributions *(present value)* *(wrongful death actions only)* ......... | $ |
| h. | ☐ | Value of personal service, advice, or training *(wrongful death actions only)* ... | $ |
| i. | ☐ | Other *(specify)* | $ |
| j. | ☐ | Other *(specify)* | $ |
| k. | ☐ | Continued on Attachment 2.k. | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $
when pursuing a judgment in the suit filed against you.

Date: 04/19/22

Jennifer C. Jones
_____
(TYPE OR PRINT NAME)

►   _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
**[CCP § 1013b]**
_JOHNSON V. COSTCO WHOLESALE CORPORATION, ET AL._
_Riverside Superior Court, Case Number: CVRI2200636_

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the county of aforesaid. I am over the age of eighteen years and not a party to the within action. My business address is: JONES LEGAL, INC., 3637 Arlington Ave., Suite D, Riverside, CA 92506. My electronic service address is ameli@joneslegalteam.com.

On **4/19/2022**, I served the foregoing document described as:

**STATEMENT OF DAMAGES (PERSONAL INJURY OR WRONGFUL DEATH)**

[] By Mail:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Riverside, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing this affidavit.

On the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail addressed as follows:

[x] By Electronic Transmission Only:
By emailing the document(s) to the persons at the email address(es). Due to the Coronavirus (Covid-19) pandemic, this office will be working remotely, is not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**I have served the documents on the interested parties listed in the attached Service List.**

[] By Overnight Delivery:
I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[x] **State:**
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and was executed on **4/19/2022**, at Riverside, California.

_____
Ameli Cobarrubia

1

2

3

**SERVICE LIST**
_JOHNSON V. COSTCO WHOLESALE CORPORATION, ET AL._
_Riverside Superior Court, Case Number: CVRI2200636_

4

5

6

7

8

9

Alan A. Graves, Esq.
NEIL, DYMOTT, FRANK,
MCCABE & HUDSON
A Professional Law Corporation
110 West A Street, Suite 1200
San Diego, CA 92101-3711
T: (619) 238-1712
F: (619) 238-1562
E: agraves@neildymott.com

_Attorneys for Defendant,_
COSTCO WHOLESALE
CORPORATION

10

11

12

13

14

15

Namrta Shah, Esq.
NEIL, DYMOTT, FRANK,
MCCABE & HUDSON
A Professional Law Corporation
110 West A Street, Suite 1200
San Diego, CA 92101-3711
T: (619) 238-1712
F: (619) 238-1562
E: nshah@neildymott.com

16

17

18

19

20

21

22

23

24

25

26

27

28